UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID RIGGS, | CASE NO.   C05-5411FDB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | Noted for February 24, 2006 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed. After carefully reviewing the record, the undersigned recommends that the Court reverse and remand for further proceedings.

FACTUAL BACKGROUND

Plaintiff was born in November 1951 (Tr. 44), was 43 years old when he alleges he became disabled in June 1995, was 48 years old on December 31, 1999, his date last insured, and was 53 years old when the ALJ issued his April 18, 2005 decision. Plaintiff has a 10th-grade education and past relevant work experience as a dishwasher/kitchen helper (medium, unskilled) and security guard (light, semiskilled) (Tr. 59, 429). At the December 2004 hearing, Mr. Riggs testified that he worked part-time (about 26 hours/week) sorting clothes at the United States Department of Veterans Affairs (VA) facility where he lived (Tr. 401). He was paid $1.50/hour, or about $165/month, but also received room and board (Tr. 401-02, 433). He said he last worked as a security guard in June 1995 (Tr. 404).

PROCEDURAL HISTORY

In May 1996, the Commissioner denied Plaintiff's previous applications for Social Security disability benefits (Tr. 61). In September 1998, Plaintiff protectively filed another application for disability insurance benefits (Tr. 61, 44-46). He alleged disability since June 15, 1995, due to a pituitary tumor, chronic back pain, a hyper-extended left knee, depression, emphysema, gastrointestinal reflux disease, degenerative joint disease/osteoarthritis, and memory difficulties, and decreased vision (Tr. 44, 55, 63). After the Commissioner denied his application initially and on reconsideration, Plaintiff requested a hearing before an ALJ (Tr. 33-36, 38-41).

On September 20, 2000, an ALJ held a hearing, and on January 19, 2001, the ALJ issued a decision finding Plaintiff not disabled as defined in the Social Security Act (Tr. 15-25). On September 24, 2003, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 5-9). Plaintiff filed a complaint for judicial review with this Court (C03-5551-RBL). On March 9, 2004, this Court entered a stipulated order and a judgment remanding this case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Tr. 436-38). The order directed an ALJ to hold another hearing and consider the severity of Plaintiff's impairments, particularly his pituitary tumor and mental condition; re-evaluate the medical evidence and obtain medical expert testimony; reconsider Plaintiff's residual functional capacity; and obtain vocational expert testimony, if appropriate (Tr. 436-37).

On April 8, 2004, the Appeals Council issued a remand order pursuant to this Court's order (Tr. 439-40). On December 14, 2004, a new ALJ held a hearing, and on April 18, 2005, the ALJ issued a decision finding Plaintiff not disabled (Tr. 377-90). On June 17, 2005, Plaintiff filed his complaint in this case with this Court.

Mr. Riggs argues the ALJ and the administration's decision is erroneous and argues the court should reverse the administrative decision and award benefits. In response to Plaintiff's arguments, the Defendant agrees that the ALJ erred in evaluating: the severity of Plaintiff's mental and left-knee impairment; the medical evidence relating to these impairments; the lay witness evidence; Plaintiff's credibility and residual functional capacity; and the vocational expert's testimony.  Defendant argues there are unresolved issues and the record does not clearly require a finding of disability, and therefore insists that a remand for further administrative proceedings is the appropriate remedy..

After reviewing the record, this court finds that a remand for further proceedings is the appropriate remedy.

## DISCUSSION

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. <u>Swenson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir.1989) (*citing* <u>Varney v. Secretary of HHS</u>, 859 F.2d 1396, 1399 (9th Cir., 1988). In <u>Varney</u>, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary. <u>Varney</u>, 859 F.2d at 1401. *See also* <u>Reddick v. Chater</u>, 157 F.3d 715, 728-730 (9th Cir. 1998)(case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); <u>Swenson</u>, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by further proceedings); <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir.1989) (same); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir.1987) (accepting uncontradicted testimony as true and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician).

Here, the record does not clearly support a conclusion of disability.  Medical evidence supports a finding that Plaintiff's arthritic knee is a severe impairment (Tr. 166-169, 244-247), but the addition of this impairment does not necessarily mean that Mr. Riggs is unable to work.  For instance, the original ALJ decision, issued by L. Kalei Fong, stated, "The State Agency medical consultant's opinion that limits the claimant to light work that would not require him to stand or walk for more than two hours a day with appropriate breaks is most consistent with the evidence of record and gives the claimant the benefit of the doubt with regard to his left knee impairment, in light of the limited objective findings" (Tr. 21-22).  The ALJ included limitations related to Mr. Riggs' knee, but she ultimately concluded that he was not disabled.  In sum, the medical evidence does not clearly support a finding of disability.

Another reason for remanding the case for further proceedings, is the confusion with regard to the applications and period of disability at issue.  An issue has arisen whether the matter should be treated as an application for Supplemental Security Income benefits, an application for Disability Income Benefits, or an application for both, and how a prior application and undisclosed denial for applications for both types of benefits in May 1996 would affect the administration's determination on Mr. Rigg's current applications.  As noted by the parties, Disability Income Benefits are awarded only if a claimant can prove

he or she was disabled on or before a last date insured. Here, for purposes of Disability Income Benefits, Mr. Riggs' last date insured is December 31, 1999. It is unclear to this court from its review of the medical evidence as to when certain impairments became severe impairments. Remand for further consideration of these issues is necessary to properly determine the outcome of this matter.

On remand, the ALJ should do the following:

- Re-evaluate the severity of Plaintiff's impairments, including his pituitary, mental, and musculoskeletal impairments.

- Address any lay witness statements.

- Explain why he adopts or rejects State agency residual functional capacity assessments.

- Obtain additional vocational expert testimony regarding the effect of Plaintiff's limitations on the occupational base and regarding jobs he could perform.

- Explain any discrepancies between the vocational expert's testimony and the DOT.

Furthermore, on remand, plaintiff may raise all of his arguments and any other issues to support his application for benefits.

## CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 3, 2006**, as noted in the caption.

DATED this 9th day of February, 2006.

                     */s/ J. Kelley Arnold*
                     J. Kelley Arnold
                     U.S. Magistrate Judge